BUDD PRATT *et al.,* v. C. J. HAMPE *et al.,* Appellants.

**Wrongful Attachment:** MEASURE OF DAMAGES: *Sweet potato crop.*
In an action for maliciously issuing a writ of attachment on a
patch of sweet potatoes, which were in the ground and not
fully matured at the time of the levy, and not dug until after
the release of such levy, the court instructed that the measure
of damages would be the difference in market value estimated
as of the date of such levy and the date of the release thereof,
and that in making such estimate the jury should take into
consideration the evidence as to market value during the time
that would elapse after the release from such levy, and when the
potatoes could be put on the market. *Held* error, since the meas-
ure would be the difference in the value of the crop in the
ground at the time of the levy and its value at the time the
levy was released, and since the latter part thereof left the
price thereof during the time subsequent to the release neces-
sary to dig and put the crop on on the market, to the jury's con-
sideration.

EVIDENCE. In an action by tenants against the landlord for malic-
iously issuing a writ of attachment on a patch of sweet pota-
toes, defendants offered to show by their attorney that after
consultation with them the day the attachment suit was
brought he had informed plaintiffs of defendant's claim as to
when the rent was due, and, further, that after the attach-
ment was levied he had offered to give plaintiffs permission
to dig potatoes when matured. *Held* that exclusion of this
testimony was prejudicial error.

*Cross-examination.* In an action for maliciously issuing a writ of
attachment on a patch of sweet potatoes, plaintiff testified as
to planting the potatoes, and as to his care of them, but on
cross-examination he was not permitted to answer whether
he replanted any of them. *Held* error, as such testimony had
a direct bearing on the condition and value of the crop at the
time of·the levy and release of the attachment.

*Experts.* In an action for maliciously issuing a writ of attachment
on a patch of sweet potatoes which were in the ground, and not
fully matured, at the time of the levy, and not dug until after
the release thereof, the court refused to receive evidence of wit-
nesses who were shown to be expert sweet potato growers as
to the proper planting time, necessary cultivation, and length
of time necessary for growth fit for market, and the relative

value of the crop at the date of the levy and on the date of release of the year in question. *Held* error, as such evidence was competent and material.

*Appeal from Muscatine District Court.*—HON. A. J. HOUSE, Judge.

FRIDAY, MAY 24, 1901.

ACTION to recover damages for maliciously suing out a landlord's writ of attachment. Counterclaim for rent due. There was a verdict and judgment for the plaintiffs. Defendants appeal.—*Reversed*.

*Jayne & Hoffman* for appellants.

No appearance for appellee.

SHERWIN J.—A patch of sweet potatoes was levied on under the writ sued out by the defendants. As to the actual damages arising from this levy, the court instructed the jury as follows: "The measure of his damage, if any, would be the difference in the market value of such crop, estimated as of the date of such levy and the date of the release thereof. And in making such estimate you may take into consideration the evidence as  *  *  * to the market value thereof during the time that would necessarily elapse after their release from such levy and when they could be put on the market." The potatoes levied on herein were in the ground and not fully matured at the time of the levy. The levy was released on the nineteenth of September immediately following and the potatoes were not in fact dug until a month after the release. Conceding that the levy was in force so that plaintiffs could not dig or market the crop during its existence, it is evident that their measure of damages would be the difference in the value of the crop in the ground at the time of the levy and its value at the time the levy was released. The latter part of the language used by the court in the instruction quoted left for

the jury's consideration the price during the time subsequent to the release necessary to dig and put the crop on the market. This was error. The instruction asked by plaintiffs on this point stated the correct rule as it was partially announced by the court, and should have been given without the broadening language used by the court in its own instruction.

One of the plaintiffs testified in chief as to planting the potatoes in question, and as to his care of them, but on cross-examination the court would not permit him to answer whether he replanted any of them. It was error to exclude this testimony, as it had a direct bearing on the condition and value of the crop at the time of the levy and release.

The witnesses Hoopes and Vail were shown to be expert sweet-potato growers. The defendants attempted to show by them the proper planting time, the necessary cultivation, the length of time necessary for growth fit for market and the relative value of a crop on the twenty-sixth of August and on the nineteenth of September of the year in question. The court would not receive this testimony, and in this ruling there was error. The evidence was competent and material.

The defendants also offered to show by their attorney that after consultation with them, and before the attachment suit was brought, he had informed the plaintiffs of defendants' claim as to when the rent was due, and, further, that after the attachment was levied he had offered to give the plaintiffs permission to dig the potatoes when mature. It was prejudicial error to exclude this testimony. Several other errors are assigned and argued, but, as the questions are not likely to arise on a retrial of the case, we do not specifically notice them. For the errors pointed out the judgment is REVERSED.